Curia, per Evans, J.
The questions which have been mainly discussed in this Court, and to which the attention of the Court has been particularly directed, are — 1st. Can the plaintiff call on the executors of Peay for contribution? and 2d. Can he recover interest? As to the other points made in the brief, they are considered as settled by the verdict.
1. As a general rule, there is no doubt that where two or more are sureties for a third person, and one has paid the debt, he is entitled to demand contribution from the others for whatever he has paid more than his aliquot part. This obligation is an implication of law arising out of their undertaking. It is well sustained by all the elementary writers, and the cases quoted by them. (Chitty on Contracts, 576, and the cases referred to.) But it has been argued that, because Peay died before Aiken paid the money, the remedy at law is gone, and the plaintiff has no remedy but in Equity. On joint contracts, if one of the obligors die, the remedy at law is only against the survivors. This principle is deduced from the nature of the contract, and from the fact that the executors of the deceased cannot be joined in an action with ■the surviving obligor. But the promise which the law implies ■in the case of sureties, is not joint but several. Each is liable to the others for his aliquot part only, and not for the part of any other of the sureties.
It would seem to follow from this, that where there are .three sureties, and one pays the debt, he cannot sue the others .jointly, but must sue severally, because, if he could, he might compel them to pay for each other, as the judgment would be against both, and any one of them might be compelled to pay • the whole. The death of Peay, therefore, does not impair the plaintiff’s legal right to sue. .The promise to contribute is implied from the relation of joint sureties, and at the time they became so. It was the promise of Austin F. Peay, and devolved on bis executors. The bond, in this case, is said to be joint and several, and if so, the objection has no foundation in fact. It would seem, from the authorities, that by the English law, interest is not allowed on money paid by one of several joint sureties. But we have adopted more liberal rules in relation to interest. In Ohee'sborough and Campbeil v. Hunter, a factor recovered interest on money advanced to his customer, in anticipation of produce to be forwarded. The Court say, in that case, it is the common case of money lent, and the plaintiffs are clearly entitled. The same *19 was decided- in Sollee and Warley v. Meuggy. In a great variety of cases, to be iound in our reports, it has been held that where the indebtedness is founded on a money transaction, as where money is lent or advanced -for the use of another, orha.d and received for another’s use, interest was recoverable. 1 -
In this case, the executors of Peay were liable equally with Aiken, on the- promise of their testator; Aiken. paid 'his money in discharge of their liability ; it was -money paid for them, and they are bound to -repay it in discharge of their testator’s contract. - ■ ■ •
The motion must, therefore, be dismissed. "
Wardlaw, Frost, and Withers, JJ. concurred.
Motion refused.